# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| MANOUCHER ROSTAMKHANI, | Civil No. 09-739 (JRT/AJB) |
| Plaintiff, | |
| v. | **MEMORANDUM OPINION AND ORDER** |
| OPTION ONE MORTGAGE CORPORATION, | |
| Defendant. | |

Andrew P. Elsbecker, **LAW OFFICE OF ANDREW P. ELSBECKER**, 1361 Hampshire Avenue South, No. 218, St. Louis Park, MN 55426, for plaintiff.

Ernest F. Peake and Patrick J. Lindmark, **LEONARD, O'BRIEN, SPENCER, GALE & SAYRE, LTD.**, 100 South Fifth Street, Suite 2500, Minneapolis, MN 55402, for defendant.

Plaintiff Manoucher Rostamkhani obtained a loan from, and assigned a mortgage to, defendant Option One Mortgage Corporation ("Option One"). Option One subsequently assigned its interest in the mortgage to LaSalle Bank, National Association ("LaSalle") and then obtained a limited power of attorney appointing Option One as LaSalle's attorney-in-fact. When Rostamkhani was repeatedly delinquent in paying on his mortgage, Option One commenced three separate foreclosure proceedings. However, in its foreclosure notice resulting in a sheriff's sale, Option One failed to properly list its assignment of the mortgage to LaSalle in violation of Minn. Stat. § 580.04. Accordingly, although Rostamkhani has not made a payment on the loan since May 2007, and although

he subsequently signed a settlement agreement with Option One under which he voluntarily vacated the property, he has sued Option One for a declaratory judgment that the foreclosure is void and should be set aside ("Claim I"). Rostamkhani has also asserted a second claim against Option One for wrongful eviction ("Claim II").

The parties have cross-filed for summary judgment. Minnesota precedent and statute compels the conclusion that the sale is void because of the foreclosure notice's deficiency, and the Court therefore grants summary judgment to Rostamkhani on Count I. Because Rostamkhani agreed to vacate the property voluntarily pursuant to the parties' agreement, however, Option One is entitled to summary judgment on Count II despite the Court's determination that the foreclosure sale is void.

## BACKGROUND

Manoucher Rostamkhani purchased a property in Minneapolis ("the property") on May 5, 1995. (Aff. of Manoucher Rostamkhani, Feb. 4, 2011, ¶ 2, Docket No. 40.) On or about January 9, 2004, Rostamkhani obtained a loan from Option One for $327,250 and executed and delivered to Option One a first-priority mortgage on the property. (Aff. of Andy P. Elsbecker, Feb. 4, 2011, Ex. A, Docket No. 41.) Within a year, Rostamkhani defaulted on his loan and Option One commenced foreclosure proceedings. On January 31, 2005, Option One signed a Notice of Pendency of Proceeding and Power of Attorney to Foreclose Mortgage ("foreclosure notice"). (Compl. ¶ 5, Ex. B, Docket No. 1.) The foreclosure by advertisement was stopped when Option One and

Rostamkhani entered into a forbearance agreement on or around April 14, 2005. (Aff. of Dale Sugimoto, Feb. 4, 2011, ¶ 2, Docket No. 36.)

On July 7, 2006, LaSalle recorded a limited power of attorney ("POA") appointing Option One as its lawful agent and attorney-in-fact for purposes including foreclosures. (Sugimoto Aff., Ex. A.) On October 13, 2006, Option One assigned the mortgage to LaSalle as Trustee for Securitized Asset Investment Loan Trust Mortgage Pass-Through Certificates 2004-4. (Elsbecker Aff., Ex. C.) Rostamkhani again fell behind on his payments. On October 24, 2006, Option One recorded another foreclosure notice. (Sugimoto Aff. ¶ 4.) Option One ended this second foreclosure proceeding as the parties were negotiating a second forbearance agreement. (*Id.* ¶ 5.)

Ultimately, the parties failed to reach an agreement, Rostamkhani remained in default on his loan, and Option One again commenced foreclosure proceedings. (*Id.* ¶ 6.) Rostamkhani's last payment on the loan was in May 2007. On September 21, 2007, counsel for Option One recorded a foreclosure notice. (Compl., Ex. D.) The notice, which was published six times between September 25 and October 30, 2007, **listed Option One as the mortgagee and indicated that no assignments of the mortgage had been made**. (*Id.*; Elsbecker Aff., Ex. F, at 4.) On November 21, 2007, the Hennepin County Sheriff conducted a sheriff's sale and the property was sold to Option One, the highest bidder, for $263,500. (Elsbecker Aff., Ex. F.) Rostamkhani did not exercise his redemption rights during the six month redemption period, which expired on May 21, 2008. (Sugimoto Aff. ¶ 7.) On June 20, 2008, Option One commenced an eviction action against Rostamkhani. (*Id.* ¶ 8.) Rostamkhani was never evicted from the property,

however.  The parties settled the dispute prior to any hearing or judgment by entering into a settlement agreement ("the settlement agreement") pursuant to which Rostamkhani agreed to vacate the property on or before July 7, 2008.  (*Id.* ¶ 9, Ex. B.)

Rostamkhani filed this action in state court in December 2008, and served Option One in March 2009.  Both parties have moved for summary judgment.  Rostamkhani asserts that the foreclosure is void based on the misrepresentations contained in the foreclosure notice, and that Option One therefore wrongfully evicted him.  Option One, which removed the case to federal court, argues that any technical inaccuracy in the foreclosure notice should not void the foreclosure, and that in any event Rostamkhani cannot prevail on a claim of wrongful eviction since he voluntarily surrendered possession pursuant to the settlement agreement.

## ANALYSIS

### I.    STANDARD OF REVIEW

Summary judgment is appropriate where there are no genuine issues of material fact and the moving party can demonstrate that it is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).  A fact is material if it might affect the outcome of the suit, and a dispute is genuine if the evidence is such that it could lead a reasonable jury to return a verdict for either party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A court considering a motion for summary judgment must view the facts in the light most favorable to the non-moving party and give that party the benefit of all

reasonable inferences that can be drawn from those facts.  *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

## II.     COUNT I:  DECLARATORY JUDGMENT

The parties' first dispute regards Count I, Rostamkhani's claim for a declaratory judgment that the foreclosure sale is void because the foreclosure notice was facially defective.  Option One argues that Rostamkhani has not made a payment on the mortgage since May 2007, Option One had the absolute right and power to foreclose the mortgage pursuant to the POA, Rostamkhani does not allege he suffered any prejudice as a result of the defect in the foreclosure notice, and Rostamkhani waited a year and a half after the notice was served to object to any alleged defect.  Rostamkhani does not deny these assertions.  He argues, however, that under Minnesota law, Option One's failure to correctly list the assignment to LaSalle on the foreclosure notice renders the foreclosure sale void as a matter of law despite Rostamkhani's payment delinquencies and despite the POA granting Option One the power to foreclose on LaSalle's behalf.  While the Court does not condone Rostamkhani's actions, it is compelled to agree with Rostamkhani that the facially defective notice voids the foreclosure proceeding.

Minnesota Statute § 580.04 ("the foreclosure statute") states that the foreclosure notice "**shall**" include "the name of the mortgagor, the mortgagee, **each assignee of the mortgage**, if any, and the original or maximum principal amount secured by the mortgage."  (Emphasis added.)  As the Minnesota Supreme Court recently affirmed, "[b]ecause foreclosure by advertisement is a purely statutory creation, the statutes are

strictly construed. [The Court] require[s] a foreclosing party to show exact compliance with the terms of the statutes. **If the foreclosing party fails to strictly comply with the statutory requirements, the foreclosure proceeding is void**." *Jackson v. Mortgage Elec. Registration Sys., Inc.*, 770 N.W.2d 487, 494 (Minn. 2009) (emphasis added) (citations and internal quotation marks omitted). While Option One clearly had the power to foreclose the mortgage under the POA, it is just as clear that it did not strictly comply with Minn. Stat. § 580.04, which requires the foreclosure notice to list all assignees of the mortgage. The foreclosure notice at issue here incorrectly stated that no assignment had been made. Option One's argument that it had the power to foreclose and that Rostamkhani was delinquent in his payments misses the point: Minnesota law requires strict compliance with the foreclosure statute and Option One's foreclosure notice was fatally defective.

Option One's mistake may well have been de minimus, as it argues, but there is no exception in Minnesota statutes or caselaw for de minimus violations of the foreclosure statute. To the contrary, in *Jackson*, the Minnesota Supreme Court cited with approval *Moore v. Carlson*, 128 N.W. 578 (Minn. 1910), an analogous case in which the foreclosing party held the mortgage and then assigned it to a third party, who reassigned it to the foreclosing party. *Jackson*, 770 N.W.2d at 492, 494; *see also Moore*, 128 N.W. at 578. The two assignments were recorded properly but neither was listed in the published notices of foreclosure. *Moore*, 128 N.W. at 578. The Court, construing Minn. Stat. § 580.04's predecessor strictly, voided the sale. *Id*. While *Jackson* concerned a different issue – whether the defendant had satisfied the foreclosure statute's recording

requirements – its affirmation of the principle that failure to strictly comply with the foreclosure statute voids a foreclosure precludes Option One's arguments.

In support of its assertion that a de minimus deficiency that did not prejudice Rostamkhani renders the sale valid despite the error in the notice, Option One cites *Bowers v. Hechtman*, 47 N.W. 792 (Minn. 1891) and *John W. Swenson & Sons, Inc. v. Aetna Life Ins. Co.*, 571 F. Supp. 895 (D. Minn. 1983). In *Bowers*, the Minnesota Supreme Court held that a foreclosure by advertisement is not void despite the fact that the notice overstates the amount due on the mortgage "unless it appears that [the overstatement] was done with a fraudulent purpose, or that it has resulted in actual injury to the mortgagor[.]" *Id.* at 793. As in *Bowers*, there is no evidence in this case of fraudulent purpose nor any allegation of harm to Rostamkhani resulting from the deficiency on the foreclosure notice. *Bowers*, however, precedes *Moore*, the facts of which are much more analogous to those at issue here and in *Jackson*. The Minnesota Supreme Court's clear pronouncement of the rule of strict construction in *Jackson* and the factual similarities of this case to *Moore* tempers the precedential value of *Bowers*, a nineteenth-century pronouncement.

Likewise, *John W. Swenson & Sons, Inc.* is of limited precedential value and does not undermine the Minnesota Supreme Court's clear and consistent pronouncement that the foreclosure statute must be construed strictly. In *John W. Swenson & Sons, Inc.*, the court concluded that a foreclosure by advertisement was not void when the foreclosing party advertised the property as thirty-six separate parcels but offered the property at the sheriff's sale as twenty-three tracts. *Id.* at 898-99. The particular provision the

mortgagor claimed was violated, however, provided that the notice include "[a] description of the mortgaged premises, conforming substantially to that contained in the mortgage." *Id.* at 900. The foreclosing party complied with this provision, and the mortgagor offered "no authority for the proposition that property must be offered for sale exactly as described in the notice of sale." *Id.* Here, by contrast, the foreclosure statute explicitly requires that the foreclosing party list all assignments of the mortgage. Option One failed to do so, and under *Jackson* and *Moore* such failure renders the sale void.

Option One also argues that Rostamkhani failed to object to the sale with reasonable diligence. Minnesota Statute § 580.20 provides that an action to set aside a foreclosure based on a defect in the notice must be commenced "with reasonable diligence, and not later than five years after the date of such sale . . . ." "It is not enough that plaintiff commenced this action within the 5-year limitation period unless the requirement of reasonable diligence has also been complied with." *Bjornstad v. Penn Mut. Life Ins. Co.*, 277 N.W. 521, 522 (Minn. 1938). In *Bjornstad*, however, the plaintiff brought her claim more than four years after the recording of the certificate of sale. Rostamkhani, by contrast, commenced his action approximately one and a half years after the sale date. It is clear from the record that (a) Rostamkhani always worked with Option One, not LaSalle, to resolve his delinquencies in the past, (b) he repeatedly sought and received modifications from Option One, (c) he received an eviction notice in May 2008, and (d) this suit was filed shortly after he obtained legal counsel. In an affidavit, Rostamkhani asserts that he "contacted Option One Mortgage Corporation dozens of times, before, and after, the foreclosure sale to seek a modification of [the] mortgage[,]"

and that "[a]fter moving out of my house, [he] immediately sought the help of an attorney." (Aff. of Manoucher Rostamkhani, Feb. 25, 2011, ¶¶ 3-4, Docket No. 50.) Option One has not proffered evidence to undermine Rostamkhani's assertions regarding his efforts. In these circumstances, the Court concludes that Rostamkhani acted with reasonable diligence to set aside the sale.[1]

The Court recognizes that Rostamkhani has not made a payment on his loan since May 2007, and that Option One was empowered by the POA to issue the foreclosure notice. Nonetheless, given Minnesota precedent mandating strict construction of its foreclosure statute, the Court is compelled to deny Option One's motion for summary judgment and grant Rostamkhani's motion for summary judgment on Count I of his complaint. Under Minnesota law, Rostamkhani may possess the property until a lawful foreclosure sale occurs and the applicable redemption period expires. Minn. Stat. § 580.041.

### III. COUNT II: WRONGFUL EVICTION

Option One has also moved for summary judgment on Count II of the complaint, Rostamkhani's claim for wrongful eviction; Rostamkhani has asked the to Court to

---

[1] At oral argument, the Court questioned whether the eviction action would have provided Rostamkhani an opportunity to challenge the validity of the sale based on the deficiency in the foreclosure notice. *See Rucker v. Schmidt*, 794 N.W.2d 114, 117 (Minn. 2011) (describing elements of res judicata). Option One, however, agreed that res judicata did not apply in this case. "An unlawful detainer action merely determines the right to present possession and does not adjudicate the legal or equitable ownership rights of the parties." *Fed. Land Bank of St. Paul v. Obermoller*, 429 N.W.2d 251, 257 (Minn. Ct. App. 1988) (citation omitted). Accordingly, "courts should not interfere with the summary nature of [Minnesota] eviction proceedings when an alternate process is available to resolve equitable claims." *Brown v. Grant Holding, LLC*, 394 F. Supp. 2d 1090, 1100 (D. Minn. 2005).

conclude that Option One wrongfully evicted him from the property but reserve the issue of damages for further proceedings. According to Option One, Rostamkhani was never evicted from the property because the parties entered into a settlement agreement pursuant to which he voluntarily vacated the premises. The Court agrees.

A settlement agreement is valid and binding on the parties who signed it. *Jallen v. Agre*, 119 N.W.2d 739, 742-43 (Minn. 1963). In the settlement agreement, Rostamkhani agreed to vacate the property on or before July 7, 2008. He further agreed that if he did not vacate the property by that date, then a writ of recovery would issue and he could be evicted. Only if Rostamkhani had remained at the property after July 7, 2008 **and** if Option One had obtained a writ of recovery would Rostamkhani have been evicted. Having vacated the property voluntarily pursuant to a binding settlement agreement, Rostamkhani does not have a claim for wrongful eviction. Tellingly, he has failed to respond to Option One's challenge to his wrongful eviction claim in his motion papers. The Court therefore grants summary judgment to Option One on Rostamkhani's wrongful eviction claim.[2] While the foreclosure sale is void and Rostamkhani may now possess the property until a lawful sale is complete and the redemption period expires, he

---

[2] In his own motion for summary judgment, Rostamkhani characterizes Count II as a claim that Option One is trespassing on his property. Option One argues that Rostamkhani did not plead trespass in his complaint and has not moved to amend, while Rostamkhani urges that wrongful eviction is a form of trespass. The Court need not parse the distinction or relationship between wrongful eviction and trespass, since Count II fails no matter how it is characterized. A person only commits trespass when he enters another's land without consent. *Copeland v. Hubbard Broad., Inc.*, 526 N.W.2d 402, 403 (Minn. Ct. App. 1995). Rostamkhani voluntarily surrendered possession of the property to Option One; therefore, Option One did not enter the land without his consent.

is not entitled to any damages arising out of the period following his voluntary surrender of the property.

## ORDER

Based on the foregoing, and the records, files, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Option One's Motion for Summary Judgment [Docket No. 34] is **GRANTED in part** and **DENIED in part** as follows:

    a. The motion is **DENIED** as to Count I of the complaint.

    b. The motion is **GRANTED** as to Count II of the complaint.

2. Rostamkhani's Motion for Summary Judgment [Docket No. 38] is **GRANTED in part** and **DENIED in part** as follows:

    a. The motion is **GRANTED** as to Count I of the complaint.

    b. The motion is **DENIED** as to Count II of the complaint.

3. The Court hereby **DECLARES** that the foreclosure by advertisement prosecuted on behalf of Option One is void, and Rostamkhani must be given immediate possession of the property.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: August 9, 2011　　　　　　　　　　　\_\_\_\_s/ John R. Tunheim\_\_\_\_\_
at Minneapolis, Minnesota.　　　　　　　　　　JOHN R. TUNHEIM
　　　　　　　　　　　　　　　　　　　　　United States District Judge